FILED
FEB 10 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REGINALD ALLEN JACKSON,     :
                            :
        Plaintiff,          :
                            :
    v.                      :     Civil Action No. 09 0260
                            :
DISTRICT OF COLUMBIA, et al., :
                            :
        Defendants.         :

## MEMORANDUM OPINION

This matter comes before the Court on plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The application will be granted and the complaint will be dismissed.

Plaintiff "was convicted in the Superior Court of the District of Columbia for felony violations of the District of Columbia Code." Compl. ¶ 7. He unsuccessfully sought review of his convictions in the District of Columbia Court of Appeals and mounted a collateral attack on the conviction by filing a motion in the Superior Court under D.C. Code § 23-110. *Id.* ¶ 8. According to plaintiff, he was treated differently as a District of Columbia offender than state offender would be treated because he cannot pursue a remedy in federal district court under 28 U.S.C. § 2254. *Id.* ¶¶ 9-12. For this alleged violation of rights protected under the Fifth Amendment to the United States Constitution, *see id.* ¶ 13, plaintiff "requests that this Court declare subdivision (g) of D.C. Code § 23-110 unconstitutional." *Id.* ¶ 14.

"Although the District of Columbia is not a state, Congress has provided prisoners incarcerated pursuant to a Superior Court sentence with a local remedy in District of Columbia

Code § 23-110." *Saleh v. Braxton*, 788 F. Supp. 1232 (D.D.C. 1992). The Supreme Court held that "the scope of the remedy provided by [§] 23-110 is the same as that provided by § 2255, [and] it is also commensurate with habeas corpus in all respects save one – the judges who administer it do not have the tenure and salary protection afforded by Art. III of the Constitution." *Swain v. Pressley*, 430 U.S. 372, 381-82 (1977). Although the District of Columbia is treated as if it were a state for some purposes, "it is constitutionally distinct from the States, . . . and § 23-110 trades on that distinction." *Garris v. Lindsay*, 794 F.2d 722, 726 n.24 (D.C. Cir.) (per curiam) (citation omitted), *cert. denied*, 479 U.S. 993 (1986). "Consequently, although prisoners sentenced by state courts may resort to federal habeas corpus after exhaustion of their state remedies, a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is "inadequate or ineffective to test the legality of his detention." *Id.* at 726 (internal quotation marks and citations omitted). Accordingly, plaintiff's complaint will be dismissed for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A(b)(1).

An Order consistent with this Memorandum Opinion will be issued separately on this date.

Date: Jan. 27, 2009

/s/ Colleen Kollar-Kotelly
United States District Judge